**James E. NORRIS; et al., Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 02–70038.

Tax Ct. No. 2081–98.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Sept. 9, 2002.*

Decided Sept. 20, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

James E. Norris and Ruth L. Norris (collectively, the "Taxpayers") appeal pro se the tax court's decision upholding the Commissioner's deficiency determination for the tax year 1995 based on the Taxpayers' failure to include as gross income Mr. Norris's disability retirement payments. We have jurisdiction under 26 U.S.C. § 7482, and, after de novo review, *Take v. Commissioner*, 804 F.2d 553, 555 (9th Cir. 1986), we affirm.

Under the Internal Revenue Code (the "Code"), certain amounts received under statutes in the nature of workmen's compensation acts are excludable from gross income. *See* 26 U.S.C. § 104(a)(1); 26 C.F.R. § 1.104–1(b). To qualify as a workmen's compensation act under the Code, "a statute must require, as a precondition to eligibility for benefits, that the injury be incurred in the course of employment." *Take*, 804 F.2d at 557. If the statute does not qualify as a workmen's compensation act, then it is irrelevant whether the underlying injury was work-related. *See id.* at 558.

The Federal Employees' Retirement System ("FERS") does not require that an injury be incurred in the course of employ-ment. *See* 5 U.S.C. § 8451(a)(1)(B) (employee is disabled if he is "unable, because of disease or injury, to render useful and efficient service in the employee's position"). Therefore, the tax court correctly concluded that Mr. Norris's FERS disability retirement benefits were not excludable from the Taxpayers' gross income. *See Take*, 804 F.2d at 557–58.

The Taxpayers' remaining contentions lack merit.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny the Appellants' request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

